UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEAN HOOPER and BECKY HOOPER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MONSANTO COMPANY and<br>BAYER AG,<br><br>　　　　Defendants. | CASE NO. 1:26-cv-00183 |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

　　　　Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Dean Hooper and Becky Hooper v. Monsanto Company, and Bayer AG*, bearing Case Number 25 CV B 03 0370, from the Delaware County Court of Common Pleas, Ohio to the United States District Court for the Southern District of Ohio. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**Introduction**

　　　　1.　　In this products liability lawsuit, Plaintiffs seek damages for cancer (non-Hodgkin Lymphoma ("NHL")) allegedly caused by exposure to Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and homeowners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a

Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that he developed cancer because of his exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md- 02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiffs are citizens of Ohio. For purposes of diversity jurisdiction, all Defendants are citizens of states other than Ohio. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiffs seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background and Procedural History

4. On March 31, 2025, Plaintiffs commenced this lawsuit in the Delaware County Court of Common Pleas, Ohio by filing a complaint, captioned *Dean Hooper and Becky Hooper v. Monsanto Company, and Bayer AG*, bearing Case Number 25 CV B 03 0370 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Monsanto in the State Court Action (and, if applicable, other filings available from the state court's files) are attached collectively as **Exhibit 1**.

6. Plaintiffs seek damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 18, 146.

## Basis For Removal — Diversity Jurisdiction

7. Plaintiffs are, and were at the time the State Court Action was filed, residents and citizens of the State of Ohio. *See* Complaint ¶¶ 5–6, 16–17.

8. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 8. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

9. Bayer AG is, and was at the time the State Court Action was filed, a German stock company with its principal place of business in Germany. *See* Complaint ¶ 12, 28. Accordingly, Bayer AG is deemed to be a citizen of Germany, a foreign citizen, for purposes of diversity jurisdiction.

10. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff's cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking

3

damages for cancer allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

11. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

12. The Delaware County Court of Common Pleas is located within the Southern District of Ohio. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

13. This Notice of Removal is timely. Monsanto has not yet been served with process in this case.

14. Bayer AG has not been served in this lawsuit, meaning its consent to removal is not required. Moreover, it was not properly joined.

15. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Delaware County Court of Common Pleas and will be promptly served on Plaintiffs.

16. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

17. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: February 20, 2026          Respectfully submitted,

By: */s/ John Q. Lewis*
John Q. Lewis (0067235)
Rachel N. Byrnes (0097736)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1100 Superior Avenue, Suite 2000
Cleveland, OH 44114
Telephone: 216-304-6104
Facsimile: 216-553-4275
Email: john.lewis@nelsonmullins.com
Email: rachel.byrnes@nelsonmullins.com

***Attorneys for Defendant Monsanto Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, the foregoing was sent via e-mail to the following counsel of record:

> James G. O'Brien
> Bey & Associates
> 4200 Northside Parkway NW, Bldg 9
> Atlanta, GA 30327
> Telephone: 513.506.1515
> jim@beyandassociates.com
> Counsel for Plaintiffs

By: */s/ John Q. Lewis*